APPEAL OF LEE STURGESS, ADMINISTRATOR OF THE ESTATE OF LUCY H. STURGESS, DECEASED.

Docket No. 2279.  Submitted May 19, 1925.  Decided June 15, 1925.

1. Representatives of taxpayers are presumed to know the rules of evidence, and where, in the trial of an appeal, it develops that taxpayer's evidence is incompetent, the Board, out of deference to the interests of appellants in pending cases, will not grant a continuance to enable taxpayer to produce necessary witnesses, but will dispose of the appeal on the allegations of the petition admitted by the Commissioner.

2. The value of shares of stock in a corporation may not be established by an *ex parte* report of an appraisal of its assets, not identified or explained by the corporation's officers or the parties who made the appraisal, nor by the unsupported opinion of an accountant claiming to have examined and to be familiar with the books and assets of the corporation.

*Morris L. Johnston, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, GREEN, and LOVE.

This is an appeal arising from a determination of a deficiency in estate tax in the amount of $4,301.70, of which $2,381.76 is in controversy. The sole issue involved is the correct valuation of certain shares of stock. Objections to all evidence offered in support of the allegations of the petition were sustained by the Board, whereupon the counsel for the Commissioner moved to dismiss because of failure to adduce evidence in support of the appeal. A motion for continuance by counsel for the taxpayer was denied. From the allegations of the petition admitted by the Commissioner the Board makes the following

### FINDINGS OF FACT.

1. Lucy H. Sturgess died January 2, 1922. Letters of administration were duly granted to Lee Sturgess by the county court of Du Page County, Ill. The administrator filed the required Federal estate tax return of the decedent's estate on December 31, 1922, and on that date paid Federal estate tax in the amount of $4,288.70. Upon audit of said tax return, the Commissioner determined additional tax liability in the amount of $4,301.70, and so notified the appellant herein on January 2, 1925. From such determination this appeal was taken and the required petition filed with the Board on March 3, 1925.

2. Included in the assets of the estate of Lucy H. Sturgess, deceased, were 2,481 shares of preferred stock, 500 shares of class A common stock, and 375 shares of class B common stock of the Solar-Sturgess Manufacturing Co., an Illinois corporation, which the Commissioner determined had a value of $183,594.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LANSDON: This appeal presents several features of interest to the public. The taxpayer appeals from a determination of the Commissioner as to the value of certain stocks owned by the decedent, Lucy H. Sturgess, at the date of her death. The taxpayer alleges that the Commissioner erred in his determination of such value and asserts that, as a matter of fact, the securities were worth much less than the amount found by the Commissioner.

The only issue involved is a question of fact. The Commissioner having determined a valuation for the assessment of the estate tax,

the taxpayer must adduce legal, admissible, and convincing evidence of error to sustain his appeal. The first evidence offered by the taxpayer is an *ex parte* report of an appraisal of the assets of the corporation issuing the securities, the value of which is involved in this controversy. No officer or employee, either of the appraisal company or the corporation, was present to identify the appraisal and undergo cross examination as to its content or the methods by which it was made.

Counsel for the taxpayer then called a certified public accountant to testify in support of the allegations of the petition. After the usual qualifying interrogatories the first four questions put to the witness, with the answers to the first three, were as follows:

Q. Have you examined the books and assets of the Solar-Sturgess Manufacturing Company?

A. I have.

Q. Are you familiar with the books of the Solar-Sturgess Manufacturing Company?

A. I am.

Q. Are you familiar with the assets of the Solar-Sturgess Manufacturing Company?

A. I am.

Q. What, in your opinion, was the value of the stock of the Solar-Sturgess Manufacturing Company at January 2, 1922?

Counsel for the Commissioner objected to the acceptance of the *ex parte* appraisal report as evidence, and his objection was sustained by the Board. Counsel for the Commissioner objected to the testimony of the certified public accountant, because it was not shown that the witness was qualified to testify as to the value of the securities in controversy. This objection was sustained. Thereupon counsel for the taxpayer moved for a continuance in order that he might have time and opportunity to secure the witnesses and evidence necessary to sustain the appeal.

The motion for continuance was denied for two reasons: (1) Because the representatives of taxpayers are presumed to know the rules of evidence and that *ex parte* documents, unsupported opinions, and mere statements are not sufficient foundation upon which the Board may base the findings of fact which it is required by law to incorporate in its report of appeals heard and determined; and (2) because the interests of many appellants are subjected to hardship by continuance of appeals set for hearing. Counsel for the Commissioner then moved the dismissal of the appeal because of the taxpayer's failure to adduce any evidence to support the allegation of error asserted in the petition.

The motion to dismiss is denied, and the determination of the Commissioner is approved.