*The deficiency for the year 1922 is $85.92.*
*Order will be entered accordingly.*

---

## APPEAL OF ELIZABETH J. BRAY, ADMINISTRATRIX, ESTATE OF RICHARD BRAY.

Docket No. 2801.    Submitted July 20, 1925.    Decided April 21, 1926.

Taxpayer's decedent purchased securities at a cost of $108,461.25. His estate returned said securities for Federal estate-tax purposes at $98,084.83. It sold said securities for $97,657.83. *Held,* upon these facts standing alone, that the estate established *prima facie* a deductible loss of $426.17.

*Hargrave A. Long, Esq.,* for the taxpayer.
*George G. Witter, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the period June 1 to December 31, 1920, in the amount of $3,258.73.

### FINDINGS OF FACT.

The taxpayer is the administratrix of the estate of Richard Bray and was so acting during the taxable period in question.

Prior to his decease, Richard Bray purchased securities at a cost of $108,461.25, which said securities were acquired by the taxpayer in her capacity of administratrix of his estate and were returned by her for the purpose of Federal estate tax at a valuation of $98,084. They were sold during the taxable period in question for a total consideration of $97,657.83.

### OPINION.

JAMES: The taxpayer claims a loss on account of the sale of the above-mentioned securities, either in the amount of $10,803.42, the difference between the cost to the decedent and the sales price, or of $426.17, the difference between the value as returned for estate-tax purposes and the sales price.

We are clearly of the opinion that the taxpayer is not entitled to deduction of the larger amount, since cost to the decedent was the

basis from which he would compute a gain or loss on the sale, but is not the basis for his estate, which is the value at the time of receipt by it. We are likewise of the opinion that the value at which such securities were returned for estate-tax purposes establishes *prima facie*, and in the absence of other evidence, the value of such securities for the purpose of computing gain or loss on a subsequent sale. We are, therefore, of the opinion that the taxpayer is entitled to deduct as a loss the amount of $426.17, as above claimed.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*