## APPEALS OF MONTGOMERY BROS. & CO.

Docket Nos. 5571, 8320.   Decided October 29, 1926.

Evidence *held* insufficient to establish value of property at the time it was turned in for stock.

*E. C. Gruen, C. P. A.*, for the petitioner.
*Joseph K. Moyer, Esq.*, for the Commissioner.

These are appeals from determinations of deficiencies in income and profits taxes for the calendar years 1919 and 1920, in the respective amounts of $6,167.40 and $9,418.56. At the hearing taxpayer withdrew two of the allegations of error for the year 1920, leaving in issue for both years the single question whether it may include the sum of $67,364.90 in invested capital as paid-in surplus.

### FINDINGS OF FACT

The taxpayer is a New York corporation with its principal office at Buffalo. It was incorporated October 31, 1899, under the name of the Montgomery Door & Box Co., which was subsequently changed to Montgomery Bros. & Co.

At or about the time of its organization the taxpayer acquired for stock the fixed assets of the partnership known as Lee, Holland & Co., which had been operated for several years by brothers, George B. and H. Ernest Montgomery, who, in turn, had acquired the assets of a partnership which had theretofore been operated by their mother and her two brothers.

The issuance of stock and the acquisition of the partnership assets were recorded on the taxpayer's books by the following entries:

| | | |
|---|---:|---:|
| Stock subscription account | $350,000 | |
| Treasury account | 50,000 | |
| To capital account | | $400,000 |
| Real Estate account (Plant) (Grounds and yards) | 175,000 | |
| Buildings account (Main building), shed, dry kiln, sprinkling equipment, carrier system, heating apparatus, etc. | 100,000 | |
| Machinery account (machinery, belting, shafting, etc.) | 50,000 | |
| Engines and boilers | 25,000 | |
| Geo. B. Montgomery | | 175,000 |
| H. E. Montgomery | | 175,000 |

No inventory or valuation of the assets of the partnership was made at the time they were taken over by the taxpayer. In 1907 an appraisal of the taxpayer's property, exclusive of real estate, was made by an appraisal company. The report of the appraisal com-

pany., submitted to the taxpayer with a letter of transmittal dated August 17, 1907, gave the reproduction cost of the plant and equipment, less depreciation to the time of the appraisal, as $366,373.79.

The taxpayer's property, including real estate, was carried on its books on January 1, 1907, at $457,802.19.

During the period January 30, 1907, to January 1, 1908, inclusive, the taxpayer added to its equipment a number of items at a.net price, that is, price less credits entered in the detailed annual property account, amounting to $10,893.86. During the period January 30, 1908, to January 1, 1909, inclusive, similar additions to equipment were made at a net price of $5,312.84. These amounts, $10,893.86 and $5,312.84, were transferred under date of January 1, 1908, and January 1, 1909, respectively, to a ledger account designated "Property Accounts".

Under date of February 1, 1909, two years after the date of the appraisal, the taxpayer entered the amount of $67,364.90 as a debit to the "Property Accounts" in its ledger with the explanation "to equal figures of App.", and under date of February 28, 1909, entered the same amount as a credit to "Surplus Accounts" with the explanation "Property Inc. to equal App."

### OPINION.

TRAMMELL: The facts may be briefly summarized. In 1899 the taxpayer acquired for stock the assets of a business conducted by a partnership. In 1907, for the first time, a detailed appraisal of the taxpayer's plant and equipment was made by an appraisal company. This appraisal placed a value on the assets which was $84,-062.85 more than the value at which they were carried on the books of the taxpayer. Early in 1909 the taxpayer added to its property and surplus accounts the excess of the appraised value of its assets over the book value, less the amount spent for equipment in 1907 and 1908. This amount, $67,364.90, the taxpayer claims the right to include in invested capital as paid-in surplus.

The only evidence introduced by the taxpayer with respect to the values of assets acquired for stock, or with respect to the books showing assets at less than cost or value, was an appraisal report made by an appraisal company. The appraisal was made by an appraisal company in 1907. The taxpayer offered the report in evidence for the purpose of establishing as a fact that the assets acquired in 1899 were worth more than the values at which they were placed on the books. The appraisal purported to show the replacement cost new in 1907 of all assets then owned, less depreciation actually sustained as shown by the appearance and condition thereof. It was made by two persons, one of whom made an in-

spection of the property, determined the amount and quality of materials, the estimated hours of labor used in the erection or construction of the assets, and other data, upon the basis of which another person in the office of the appraisal company could make calculations based on the current price of materials and labor and arrive at an estimated cost of the property if it had been constructed at that time. The person who prepared the estimates of the quantity and quality of materials required and the condition of the buildings when examined did not appear as a witness, nor was any witness able to testify as to the identity of such person. The testimony of the witness who made the estimates of the replacement costs was based entirely upon the assumption of the correctness and accuracy of the data furnished him by the person who made the inspection of the assets.

While the above report was offered in evidence at the time of the hearing, the question of its admissibility was taken into consideration.

We are of the opinion that the appraisal report, made as above stated, in the absence of the testimony of the person who prepared an essential part thereof, is not admissible in evidence. In so far as certain material facts are concerned, the report is merely an *ex parte* statement by a person who was unidentified and who was not subject to cross examination by opposing counsel. Even if the appraisal were admitted in evidence, we are of the opinion that it would be of little value for the purpose for which it was offered. There was no other material evidence offered by the taxpayer and we must, therefore, approve the determination of the Commissioner.

*Judgment will be entered for the Commissioner.*