ELIZABETH GUTHRIE HEYWOOD AND JOHN GUTHRIE HEYWOOD, EXECUTRIX AND EXECUTOR OF THE ESTATE OF ABBOT R. HEYWOOD, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12825. Promulgated March 16, 1928.

*John G. Heywood, Esq.,* for the petitioners.
*Henry Ravenel, Esq.,* for the respondent.

**OPINION.**

MORRIS: The first allegation of error is that the respondent erred in disallowing as a deduction in the computation of net income for 1923 an amount paid to the Near East Relief. The respondent contends that this amount is not an allowable deduction within the meaning of the law, for the reason that it was not provided for in the last will and testament of the decedent. Therefore, our question is one of law as to whether the executors of the estate may take as

a deduction, in the computation of net income, contributions of the nature herein, which were pledged by the decedent during his lifetime but which were not provided for in the will.

Section 219 (b) of the Revenue Act of 1921 provides:

The fiduciary shall be responsible for making the return of income for the estate or trust for which he acts. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that (in lieu of the deduction authorized by paragraph (11) of subdivision (a) of section 214) there shall also be allowed as a deduction, without limitation, any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in paragraph (11) of subdivision (a) of section 214. * * *

Section 212 referred to in section 219 (b) above, insofar as it is pertinent to the issue raised herein, simply defines net income to mean " the gross income as defined in section 213, less the deductions allowed by section 214."

Section 214 (a) (11) referred to in section 219 (b) above provides for the deduction of:

Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *

Thus it will be seen that in determining net income as defined in section 212, *supra*, the fiduciary may deduct any part or all of the gross income which has been set aside or paid for the purposes and in the manner specified in section 214 (a) (11), *supra*, provided, however, that said sums are paid or set aside " pursuant to the terms of the will or deed creating the trust." While the sum here in question was pledged by the decedent during his lifetime, there was no permanent setting aside nor was any provision made for this pledge in the decedent's will. We must, therefore, sustain the action of the respondent in disallowing this amount as a deduction in 1923. See *Appeal of Herbert Jermain Slocum et al., Executors*, 6 B. T. A. 36.

The second allegation of error urged by the petitioners is that the respondent erred in his computation of depreciation, in that he used the fair market value of the property on the date of the decedent's death, instead of cost of said property to the decedent, as the basis for such computation. In the *Appeal of Charles G. Barnes et al., Executors*, 8 B. T. A. 360, where the question of exhaustion of royalty rights was in controversy, the Board, after determining that such rights were subject to exhaustion under the law, held that the basis for determining such exhaustion was the value at the date of

death of the decedent, and not cost, as was contended by the respondent. Therefore, following the conclusion reached in that case and in the *Appeal of Dorothy Payne Whitney Straight, Executrix,* 7 B. T. A. 177, we approve the action of the respondent in the instant case in using as a basis for the computation of depreciation the value of the depreciable property at the date of death of the decedent instead of cost of said property to the decedent.

The third question presented for consideration is whether the petitioners are entitled to deduct the sum of $9,712 in the computation of net income for 1923, representing amounts paid to legatees under the decedent's will during the period of administration and settlement. The petitioners contend that, as the legacies were paid from the income of the estate, the deduction falls squarely within section 219 (c) of the Revenue Act of 1921. The pertinent provisions of section 219 are:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate;

\* \* \* \* \* \* \*

(c) In cases under paragraphs (1), \* \* \* of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon the net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement · there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. \* \* \*.

In the *Appeal of Estate of W. S. Tyler,* 9 B. T. A. 255, we considered the question whether, under section 219 (c) of the Revenue Act of 1918, that estate was entitled to deduct certain legacies paid in 1918, under a will which did not specify whether said payments were to be made from the corpus or the income of the estate. The language of the section under which that decision was made is the same as in the 1921 Act. We held that in order to determine whether that petitioner was entitled to the deduction we must inquire as to whether the legacy was, by the terms of the will made payable out of the income of the testator's estate, and being unable to find any authority in the decedent's will for holding that the legacies were intended by the decedent to be paid out of the income rather than the corpus of his estate, reached the conclusion that they were not deductible in determining the net income of the estate. As the legacies in the instant proceeding were not, by the terms of the will, made payable out of the income of the testator's estate, that decision

is controlling of the issue presented herein.   We therefore sustain the respondent in denying the deduction of $9,712.

*Judgment will be entered on 15 days' notice, under Rule 50.*