WARREN A. CARTIER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9605.   Promulgated April 30, 1928.

*Robert Ash, Esq.*, and *Thomas J. Reilly, Esq.*, for the petitioner.
*V. J. Heffernan, Esq.*, for the respondent.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income tax of $33,463.39 for 1920. The only question in controversy is the correctness of the respondent's determination that certain shares of stock acquired by the petitioner in 1905 and sold in 1920 had a value on March 1, 1913, of $129.3274 per share instead of $450 per share as reported by the petitioner in his return.

## FINDINGS OF FACT.

In 1905 the petitioner purchased at par or $100 per share 320 shares of the capital stock of the Star Watch Case Co., which was organized in 1897 or 1898. The company's plant was located at Elgin, Ill., from the time of organization to about 1906 when it was moved to Ludington, Mich. The stock of the company was closely held and up to about the time the plant was moved to Ludington there were only the three original stockholders, Messrs. Starke, Church and Herman. It was about this time that the stock involved in this proceeding was acquired by the petitioner, who with William Rath purchased the remaining unissued stock. About 1909 Rath had acquired $100,000 par value of the stock. The issued and outstanding stock of the company at that time amounted to $300,000, which amount was not increased later. In 1909, Church purchased Rath's holdings of $100,000 par value for $110,000 and in 1910 sold one-third of the stock so purchased to another of the original stockholders at $111 per share. There was an agreement between the remaining stockholders that the stock would not be sold to outsiders as it was desired to have it remain in the hands of those who had started the business. After the above-mentioned sales there were no further sales of the stock until 1920.

In 1911 the Star Watch Case Co. paid its first dividend, which was 5 per cent. Dividends of 6 per cent and 7 per cent were paid in the following two years, respectively.

The value of the net tangible assets of the Star Watch Case Co. at the beginning of the years indicated and the net earnings were as follows:

| Year. | Net tangibles. | Net earnings | Year. | Net tangibles. | Net earnings. |
|---|---|---|---|---|---|
| 1908 | $322,729.73 | $25,065.58 | 1913 | $461,963.67 | $32,377.13 |
| 1909 | 347,795.31 | 18,830.78 | 1914 | 313,023.55 | 19,339.57 |
| 1910 | 366,626.09 | 76,986.95 | 1915 | 477,680.37 | 28,579.73 |
| 1911 | 443,613.04 | 6,778.28 | 1916 | 488,260.10 | 49,859.71 |
| 1912 | 435,391.32 | 44,572.35 | 1917 | 520,119.81 | 37,484.61 |

In 1920 the petitioner sold his 320 shares of stock in the Star Watch Case Co. for $500 per share, or for a total of $160,000. In his return for that year he reported the stock as having a value of $450 per share or a total value of $144,000 on March 1, 1913, showing a profit of $16,000 on the sale of the stock. The respondent determined the value of the stock to be $129.3274 per share on March 1, 1913.

From a consideration of all the evidence, we are of the opinion that the stock of the Star Watch Case Co. had a fair market price or value of $150 per share on March 1, 1913.

*Judgment will be entered on 15 days' notice, under Rule 50.*