RUSSEL WOLFE, EXECUTOR, ESTATE OF EMMA S. WOLFE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16149. Promulgated March 13, 1929.

*Arthur E. Hutchinson, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

OPINION.

GREEN: In the computation of the gain or loss resulting to the estate from the sale of the real and personal property above

enumerated, the Commissioner used as the basis for such computation the value of the property at the date of the decedent's death. The petitioner accepted as correct the values of these properties thus used by the respondent but contends that the cost to the decedent, or in case the property was acquired prior to March 1, 1913, the value on that date, should be used as the basis in the computation of the gain or loss instead of the value at the date of the decedent's death.

The return filed by the petitioner was not in accordance with the regulations in force at the time and section 702 of the Revenue Act of 1928 is accordingly inapplicable.

The question is precisely that which we had before us in *Appeal of Straight, Executrix*, 7 B. T. A. 177, wherein we held that the basis, for the computation of gain or loss resulting from the sale of property of an estate by an executor is the value at the date of acquisition by the estate if that date be subsequent to March 1, 1913. We find no occasion to depart from that rule.

As regards the second issue, there is no dispute as to the fact that the executor paid, for and on behalf of the estate, the amounts set forth in our findings. The beneficiaries of the estate were the executor (the petitioner herein), his father, and two brothers. None of these claimed any part of the amounts thus paid as deductions on their returns for any year. It also appears that the petitioner herein has not claimed the amounts paid as a deduction on any return filed for and on behalf of the estate of which he is the executor.

The petitioner claims that it falls squarely within section 703 of the Revenue Act of 1928:

SEC. 703. DEDUCTION OF ESTATE AND INHERITANCE TAXES—RETROACTIVE.

(a) In determining the net income of an heir, devisee, legatee, distributee, or beneficiary (hereinafter in this section referred to as " beneficiary ") or of an estate for any taxable year, under the Revenue Act of 1926 or any prior revenue Act, the amount of estate, inheritance, legacy, or succession taxes paid or accrued within such taxable year shall be allowed as a deduction as follows:

(1) If the deduction has been claimed by the estate, but not by the beneficiary, it shall be allowed to the estate;

(2) If the deduction has been claimed by the beneficiary, but not by the estate, it shall be allowed to the beneficiary;

(3) If the deduction has been claimed by the estate and also by the beneficiary, it shall be allowed to the estate (and not to the beneficiary) if the tax was actually paid by the legal representative of the estate to the taxing authorities of the jurisdiction imposing the tax; and it shall be allowed to the beneficiary (and not to the estate) if the tax was actually paid by the beneficiary to such taxing authorities;

(4) If the deduction has not been claimed by the estate nor by the beneficiary, it shall be allowed as a deduction only to the person (either the estate or the beneficiary) by whom the tax was paid to such taxing

authorities, and only if a claim for refund or credit is filed within the period of limitation properly applicable thereto;

(5) Notwithstanding the provisions of paragraphs (1), (2), (3), and (4) of this subsection, if the claim of the deduction by the estate is barred by the statute of limitations, but such claim by the beneficiary is not so barred, the deduction shall be allowed to the beneficiary, and if such claim by the beneficiary is barred by the statute of limitations, but such claim by the estate is not so barred, the deduction shall be allowed to the estate.

(b) As used in this section, the term "claimed" means claimed—

(1) In the return; or

(2) In a claim in abatement filed in respect of an assessment made on or before June 2, 1924.

(c) This section shall not affect any case in which a decision of the Board of Tax Appeals or any court has been rendered prior to the enactment of this Act [Revenue Act of 1928], whether or not such decision has become final.

Subparagraphs (1), (2), and (3) of paragraph (a) interpreted in the light of the definition in paragraph (b), are applicable only where the deduction has been claimed "in the return," or "in a claim in abatement filed in respect of an assessment made on or before June 2, 1924." Subparagraph (4) of paragraph (a) provides for the allowance of the deduction in cases where "a claim for refund or credit" has been filed. This petitioner has not claimed the deduction in a return or in a claim for abatement, refund, or credit, and since to come within the section a claim must have been made within one of the four ways, it follows that his right, if any, to the deduction must rest upon other provisions of the statute. See *Keith* v. *Johnson*, 271 U. S. 1.

Section 219 of the Revenue Act of 1921 provides that the tax imposed by sections 210 and 211 of that same Act shall apply to the income of estates. In the computation of net income upon which the tax imposed by sections 210 and 211 is computed, the taxpayer, in this instance the estate, is permitted by section 214(a)(3) of the same Act to deduct "taxes paid or accrued within the taxable year," with certain exceptions not here material. We held in *Robert M. Green, Jr.*, 12 B. T. A. 1046, that inheritance taxes paid by the estate to the Commonwealth of Pennsylvania might be by it deducted in the computation of its net income for the year paid. Our holding as to the States of Connecticut, West Virginia, and New Jersey is to the same effect. See *Prescott et al., Executors*, 8 B. T. A. 582, and *Frost et al., Executors*, 12 B. T. A. 1295. It follows from these decisions that the petitioner in computing its net income for the year 1923 is entitled to deduct the inheritance, succession, and transfer taxes which we have found to have been paid in that year.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

VAN FOSSAN dissents on the first point.