CENTRAL TRUST CO., EXECUTOR, ESTATE OF W. T. CROSBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33258.   Promulgated May 8, 1930.

*F. A. McCoy, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

#### OPINION.

LANSDON : The respondent has asserted a deficiency in income tax for the year 1923 in the amount of $99.49.  For its cause of action the petitioner alleges that the income of the decedent's estate for the taxable year has not been computed by the respondent in conformity with the Revenue Act of 1921, which provides:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*       \*       \*       \*       \*       \*       \*

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

The facts are not in dispute.  Respondent admits that there is no deficiency if the basis of gain from the sale of certain capital assets in the taxable year is the value of such assets at date of decedent's death, and the petitioner concedes that the asserted deficiency is correct if such basis is the cost to the decedent or the 1913 value, if acquired prior thereto.  This Board and the courts have decided the question of law raised herein adversely to the contention of the respondent. *Dorothy Payne Whitney Straight, Executrix*, 7 B. T. A. 177; *Gustave E. Anderson, Trustee*, 10 B. T. A. 1376; *Blanche O'Brien et al.*, 12 B. T. A. 1195; *Bankers' Trust Co.* v. *Bowers*, 23 Fed. (2d) 941.

*Decision will be entered for the petitioner.*