RICHARD DEZ. PIERCE AND ARTHUR M. BEALE, ADMINISTRATORS, C. T. A., OF THE ESTATE OF D. M. JAMES, PETITIONERS, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36457.   Promulgated April 3, 1931.

*Arthur M. Beale, Esq.*, for the petitioners.
*John E. Marshall, Esq.*, and *P. M. Clark, Esq.*, for the respondent.

OPINION.

Smith: The petitioners, as administrators of the estate of D. M. James in 1923, received $23,344.61 cash and $20,500 par value of the bonds of the American Plate Glass Corporation in exchange for 224

shares of the stock of the American Plate Glass Company, of which 56 shares were acquired by the decedent upon the organization of the corporation prior to 1910, and 168 shares by the petitioners as a stock dividend in 1922 or 1923. The respondent has determined the deficiency here in question upon the basis of the cost of the stock to the decedent, namely, $5,600. The deficiency notice upon which this proceeding is brought provides in part:

* * * Since the stock held by the Estate originally cost $5,600.00, a net gain of $36,194.61 is disclosed. However, in accordance with Section 202 (e) of the Revenue Act of 1921, as amended by the Act of March 4, 1923, as embodied in Treasury Decision 3468, * * * the net gain is limited to the total cash received or $23,344.61.

For the purpose of this computation the respondent valued the bonds of a par value of $20,500 at $18,450.

Petitioners correctly contend that the value of the stock at the date of decedent's death is the basis for the determination of the taxable gain upon the sale of the stock in 1923. *Elizabeth J. Bray, Administratrix*, 4 B. T. A. 42; *Dorothy Payne Whitney Straight, Executrix*, 7 B. T. A. 177; *Charles G. Barnes et al., Executors*, 8 B. T. A. 360; *Walter R. McCarthy, Executor*, 9 B. T. A. 525; *George B. Markle, Jr., III, et al.*, 10 B. T. A. 763; *Gustave E. Anderson, Trustee*, 10 B. T. A. 1376; *Elizabeth Guthrie Heywood et al., Executors*, 11 B. T. A. 29; *William K. Vanderbilt et al., Executors*, 11 B. T. A. 291; *Jennie L. Miller, Executrix*, 11 B. T. A. 854; *Frank H. Clark, Executor*, 12 B. T. A. 425; *Blanche O'Brien et al., Executors*, 12 B. T. A. 1195; *Russel Wolfe, Executor*, 15 B. T. A. 835; *Central Trust Co., Executor*, 19 B. T. A. 867; *Bankers' Trust Co.* v. *Bowers*, 23 Fed. (2d) 941; *Eldredge* v. *United States*, 31 Fed. (2d) 924.

At the hearing and in his brief counsel for the respondent did not question but that the basis should be the fair market value of the stock at the date of the death of decedent, but he contends that the evidence does not warrant a finding that the value of those shares was in excess of $5,600.

The American Plate Glass Company was a close corporation that had been organized by members of decedent's family, who later lost control of the company. At the date of decedent's death the stockholders knew very little about the financial condition of the company, and it was some months thereafter before any such information was made available as a result of the work of a stockholders' protective committee. There were no known sales of this stock at or near the basic date (January 8, 1920). The one share of stock that the petitioners found among the assets of the estate was valued by appraisers appointed by the Massachusetts authorities at either $40 or $60. As late as 1922, before the declaration of a stock dividend, the president

of the American Plate Glass Company acquired 146⅔ shares for $7,333.34. The cost was approximately $50 per share. The petitioners have sought to establish a value of approximately $700 per share for this stock by testimony regarding the earnings of the company and an appraisal of its assets. The books of the company were not produced and the person testifying as to earnings was not connected with the company during the years for which he gave figures, which he said were arrived at "in auditing the books of the company and more clearly reflect the net income for those years than would the books at that time." The figures presented by him show the following earnings:

| | |
|---|---|
| 1917 | $122,780.76 |
| 1918 | 60,698.24 |
| 1919 | 380,150.80 |
| 1920 | 1,050,256.91 |
| 1921 | 347,691.27 |

We do not know what the earnings were prior to 1917, nor do we know the amount of capital invested in the plant at that time. The facts are that no dividend had ever been paid upon the stock prior to the date of the death of the decedent and the stockholders had never received from the corporation a financial statement showing the results of operation. Earnings may reflect the value of stock in some instances, but in others earnings are poor criteria of value. Cf. *Fidelity Title & Trust Co. et al., Executors*, 10 B. T. A. 482; *Homer S. Johnson et al., Executors*, 11 B. T. A. 534; *Warren A. Cartier*, 11 B. T. A. 900; affd., 37 Fed. (2d) 894. The evidence regarding the appraisal is not complete. The appraisal was made nearly a year after the basic date with which we are concerned. The appraisers did not testify and we know nothing of the method used or the basis of their appraisal. A certificate of the appraisal was submitted but this shows only the total appraised value of the physical assets. The record does not disclose other assets of the company, such as accounts receivable, money, etc., or the extent of the company's liabilities, from which we could ascertain its net worth, if any. Cf. *Lee Sturgess, Administrator*, 2 B. T. A. 69; *Montgomery Bros. & Co.*, 5 B. T. A. 258; *Red Wing Linseed Co.*, 5 B. T. A. 390; affd., 29 Fed. (2d) 253; certiorari denied, 279 U. S. 860; *Georgia Manufacturing Co.*, 5 B. T. A. 893; *Jerecki Manufacturing Co.*, 12 B. T. A. 1165; *Anna S. Richards*, 13 B. T. A. 1279.

As above indicated, the respondent has determined the fair market value of the stock at the date of the death of the decedent at $100 per share, making a total value for all the shares sold in 1923, $5,600. The burden of proving a higher value for the shares is on the petitioners. *Avery v. Commissioner*, 22 Fed. (2d) 6. The determina-

tion of the respondent that the value of the shares of stock at the basic date was $5,600 is sustained.

In his answer to the petition filed in this case the respondent affirmatively alleges that the amount of the deficiency due from the petitioners herein upon the sale of the American Plate Glass Company stock in 1923 was understated in the deficiency letter of January 27, 1928:

* * * that the cost basis of the stock sold was $5,600.00, that cash and bonds in the amount of $41,794.61 was received therefor, and that a net gain of $36,194.61 was realized on said sale, as set forth in the deficiency letter; * * * that the correct deficiency due from the petitioners herein for the calendar year 1923 is $3,798.68. * * *

Section 202 (e) of the Revenue Act of 1921 was amended to take effect January 1, 1923, by an act approved March 4, 1923. As amended, the provision reads:

(e) Where property is exchanged for other property which has no readily realizable market value, together with money or other property which has a readily realizable market value, then the money or the fair market value of the property having such readily realizable market value received in exchange shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of such basis, shall be taxable to the extent of the excess; but when property is exchanged for property specified in paragraphs (1), (2), and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the amount of the gain resulting from such exchange shall be computed in accordance with subdivisions (a) and (b) of this section, but in no such case shall the taxable gain exceed the amount of the money and the fair market value of such other property received in exchange.

The respondent offered no evidence to prove that the bonds of the American Plate Glass Company had a readily realizable market value. The petitioners offered evidence to the effect that they had tried to sell the bonds, but were advised by persons living in Kane, Pa., that there was no market for the bonds. The petitioners succeeded in selling one bond at a price of $84. We are of the opinion that the respondent has failed to prove that the bonds had a readily realizable market value within the meaning of that phrase as used in the statute. Although the bonds appear to have been amply secured, there was no market for them. The contention of the respondent for an increase in the deficiency is denied.

The deficiency notice upon which this proceeding is brought provides in part:

Since the examining officer included in your income from this source [the sale in 1923 of 224 shares of American Plate Glass Co. stock] $5,102.11, your income has been increased by $18,242.50. The statements made in your protest, as above referred to, are entirely insufficient to warrant any further change than indicated above.

It is seen from the above quoted paragraph that the respondent holds that the entire amount of the cash received upon the sale of the stock in question in 1923 constituted taxable income. This was manifestly in error, since upon the respondent's own theory of computation and under the statute only the amount of cash received in excess of the basis used for computing gain constitutes taxable income. The taxable profit on the sale was not in excess of $17,744.61.

*Judgment will be entered under Rule 50.*