CHARLES J. ROCCO and ELIZABETH ROCCO, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Rocco v. Commissioner
Docket Nos. 5082-71, 5083-71, 5084-71, 5085-71, 5086-71, 5087-71, 5088-71, 5089-71, 5090-71, 5091-71, 5092-71, 5093-71, 5094-71.
United States Tax Court
T.C. Memo 1973-118; 1973 Tax Ct. Memo LEXIS 169; 32 T.C.M. (CCH) 518; T.C.M. (RIA) 73118; May 23, 1973, Filed *169 Martin M. Lore, for the petitioners. Thomas S. Carles, for the respondent. 2 FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' income taxes as follows: Deficiencies
Calendar Year Docket No.
Petitioners
1967
1968 5082-71
Charles J. Rocco and Elizabeth Rocco
$6,440.11
$2,100.57
5083-71
Ralph Carletta and Mae Carletta
6,375.53
7,196.60 Deficiencies
March 31 Fiscal Year
Docket No.
Petitioner
1967
1968
5084-71
Hackensack Gardens, Inc., Section One
$672.00
$717.40
5085-71
Hackensack Gardens, Inc., Section Two
560.00
573.92
5086-71
Hackensack Gardens, Inc., Section Three
644.00
733.91
5087-71
Hackensack Gardens, Inc., Section Four
560.00
573.91
5088-71
Hackensack Gardens, Inc., Section Five
644.01
660.01
5089-71
Hackensack Gardens, Inc., Section Six
672.00
688.71
5090-71
Ridge Park, Inc., Section One
700.00
717.40
5091-71
Ridge Park, Inc., Section Two
$616.00
$631.31
5092-71
Ridge Park, Inc., Section Three
420.00
430.44
5093-71
Ridge Park, Inc., Section Four
644.00
688.70
5094-71
Ridge Park, Inc., Section Five
560.00
602.62
*170 After a trial on the merits had been concluded, the parties settled all the issues in docket Nos. 5084-71 through 5094-71, and all issues except one in docket Nos. 5082-71 and 5083-71. The sole issue remaining concerns the valuation of real estate contributed in 1967 to a charity by Charles J. Rocco (Rocco) and Ralph Carletta (Carletta), herein referred to jointly as petitioners. Respondent concedes that petitioners are entitled to share equally in a charitable deduction of $113,216 for the property so contributed, but petitioners claim they are entitled to a joint deduction in the total amount of $118,800. The resolution of the dispute turns on the evidentiary effect, if any, to be given a letter signed by an appraiser, copies of which were attached 4 to petitioners' 1967 joint individual income tax returns. FINDINGS OF FACT Charles J. Rocco and Elizabeth Rocco (the Roccos), husband and wife, were legal residents of Saddle River, New Jersey, at the time of the filing of their petition. Ralph Carletta and Mae Carletta (the Carlettas), husband and wife, were legal residents of Haworth, New Jersey, at the time of the filing of their petition. The Roccos and the Carlettas *171 each filed joint Federal income tax for calendar years 1967 and 1968 with the district director of internal revenue, Newark, New Jersey. In 1967 Rocco and Carletta, equal partners in a business, contributed land and improvements, originally purchased in the name of the partnership, to the Bergen-Passaic Unit, New Jersey Association for Retarded Children. In their 1967 joint individual tax returns, petitioners each claimed charitable deductions pertaining to the contributed property in the amount of $59,400, which amount corresponds to each partner's share (50 percent) of the alleged fair market value of the contributed real estate ($118,800). Attached to each 1967 joint return was a copy of a letter dated December 12, 1967, addressed to the partnership and to the attention of Carletta from a real estate appraiser. The 5 letter states that the appraiser had made a personal inspection of the subject property and that, as of June 22, 1967, the total value of the property, in his opinion, was $118,800. Prior to trial of the instant case, the parties entered into a stipulation of facts which incorporated as joint exhibits copies of petitioners' 1967 returns, to each of which *172 was attached a copy of the appraisal letter. At trial the stipulation was filed with this Court, but no proof pertinent to the value of the contributed property was adduced by either party. OPINION Respondent concedes that petitioners are each entitled to a joint charitable deduction for 1967 for the subject property in the amount of $56,608; therefore, the issue for decision concerns solely the value of the real estate contributed to charity. Petitioners contend that the appraisal letter, in the absence of any evidence to the contrary, is sufficient to meet their burden of proving the claimed $118,800 value of the real estate. Respondent maintains that the appraisal letter is a part of petitioners' returns and, as such, is but a self-serving statement having insufficient evidentiary weight to sustain petitioners' burden of proof. 6 We agree with respondent. This Court has long recognized that a taxpayer's income tax return is a self-serving declaration which may not be accepted as proof of a deduction. Jessie G. Sheen, 6 B.T.A. 114, 115-116 (1927); Watab Paper Co., 27 B.T.A. 488, 506 (1932). "Clearly, the tax return itself, * * * cannot be *173 regarded as more than a statement of petitioner's original claim." Seaboard Commercial Corp., 28 T.C. 1034, 1051 (1957). The burden of proving respondent's determination erroneous rests on petitioners, Rule 32, Tax Court Rules of Practice; Helvering v. Taylor, 293 U.S. 507, 512 (1935).Since petitioners' only proof consists of the appraisal letter which was submitted in evidence solely as a component of their 1967 income tax returns, [2] petitioners have not carried their burden. "Manifestly * * * [a taxpayer] does not prove his case by proving his statutory return." Pennant Cafeteria Co., 5 B.T.A. 293, 294 (1926). Accordingly, we hold that petitioners have failed to show they 7 are entitled to charitable contribution deductions for the real estate in excess of the amounts conceded by respondent. *174 Decisions will be entered under Rule 50 in docket Nos. 5082-71 and 5083-71. Decisions will be entered for the petitioners in docket Nos. 5084-71, 5085-71, 5086-71, 5087-71, 5088-71, 5089-71, 5090-71, 5091-71, 5092-71, 5093-71, and 5094-71. Footnotes
1. Cases of the following petitioners are consolidated herewith: Ralph Carletta and Mae Carletta, docket No. 5083-71; Hackensack Gardens, Inc., Section One, docket No. 5084-71; Hackensack Gardens, Inc., Section Two, docket No. 5085-71; Hackensack Gardens, Inc., Section Three, docket No. 5086-71; Hackensack Gardens, Inc., Section Four, docket No. 5087-71; Hackensack Gardens, Inc., Section Five, docket No. 5088-71; Hackensack Gardens, Inc., Section Six, docket No. 5089-71; Ridge Park, Inc., Section One, docket No. 5090-71; Ridge Park, Inc., Section Two, docket No. 5091-71; Ridge Park, Inc., Section Three, docket No. 5092-71; Ridge Park, Inc., Section Four, docket No. 5093-71; and Ridge Park, Inc., Section Five, docket No. 5094-71. ↩
2. Clearly the appraisal was not admitted in evidence to establish the truthfulness of the statements contained therein.But even assuming, arguendo, that the appraisal was so admitted, we think it insufficient, without the testimony of the appraiser who prepared it, to support a finding of fact that the property had the value therein stated. Montgomery Bros. & Co., 5 B.T.A. 258, 260↩ (1926).