E. GRADY JOLLY, Circuit Judge:
The State of California seeks recovery of back taxes allegedly owed by Nipak Pipe of Delaware, Inc. (“Nipak”), which is in bankruptcy reorganization under Chapter 11. The bankruptcy court denied relief, holding that, after the Official Unsecured Creditors’ Committee (“Committee”) had presented its evidence in objection to the claim, California failed to substantiate adequately its claim. The State appealed to the district court, contending that the bankruptcy court did not apply the correct standard of proof and, alternatively, erred in its application of the standard. The district court upheld the bankruptcy court’s findings of fact and conclusions of law. We affirm.
In October 1985, the California State Board of Equalization (“State”) filed a proof of claim for back taxes against Ni-pak. Nipak is. alleged to owe $43,138.54 in sales and use taxes to the State of California. The only basis for the claim is an accounting entry on Nipak’s books in January 1983. This entry was later written off by Nipak’s work-out specialist, James Guin, after he determined that the company’s documents did not support the tax liability. In a past bankruptcy audit of Nipak’s books, Adrian Harkey, an auditor working for the State, discovered the write-off. The State, disputing this reverse accounting entry on the grounds that Nipak could not support the write-off with company documents, sought to collect the tax revenues through the bankruptcy court.
In April 1986, the Committee filed its objection to the State’s proof of claim and based its objection on two grounds: (1) Nipak had paid all taxes due and (2) California could not show that the proof of claim was valid. The Committee does not contend that the taxes at issue have been paid.
The bankruptcy court held an evidentiary hearing at which the Committee supported its position through the testimony of Guin. He testified that he wrote off the alleged tax liability entered on Nipak’s books because he could not find sufficient corporate *698 documents and records to support the entry. He also maintained that Nipak’s books were in general disarray and contained several errors, including this one. The State sought to validate its proof of claim by relying upon the testimony of its tax auditor. The auditor’s testimony, however, did not point to any specific transactions upon which the tax liability was based, but showed that the State based the liability solely upon the January 1983 entry in Nipak’s books. Since Nipak did not produce affirmative proof through company documents that it did not owe back taxes, the State continued to assert that the liability existed.
The bankruptcy court held that under Rule 301(b) of the Bankruptcy Code, California’s proof of claim established a prima facie case that the tax liability was outstanding. The court further noted, however, that a prima facie case can be overcome by rebuttal evidence, and that once this has been done, the burden of proof rests with the petitioner to prove the claim by a preponderance of the evidence. The court then found that California had failed to prove its claim under this standard.
The State appealed the decision to the district court, which held that the correct standard of proof had been applied by the bankruptcy court and that the court’s findings of fact were not clearly erroneous. On appeal to this court, the State asserts that, as a matter of law, the bankruptcy court did not apply the correct standard of proof. The State further asserts that even if the correct standard was applied, it was erroneously applied.
It is conceded by all parties that the question of who bears the burden of proof is a legal issue requiring de novo review. See Theriault v. Silber, 547 F.2d 1279, 1280 (5th Cir.1977). The State argues that where a tax authority files for delinquent taxes, both federal and California cases hold that the burden of proof rests upon the taxpayer. See, e.g. Keogh v. C.I.R., 713 F.2d 496, 501 (9th Cir.1983). Although this principle may hold true as a general tenet, an exception plainly exists under the Bankruptcy Code. See In re L.G.J. Restaurant, 27 B.R. 455 (E.D.N.Y.1983). Under Bankruptcy Rule 301(b), a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor’s assets. In re WHET, Inc., 33 B.R. 424, 437 (D.Mass.1983). The objecting party must then produce evidence rebutting the claimant or else the claimant will prevail. Id. at 437. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to “prove the validity of the claim by a preponderance of the evidence.” The ultimate burden of proof always rests upon the claimant. Id. This burden does not shift even where the claimant is a state or federal tax authority. Watson v. Thompson, 456 F.Supp. 432, 435 (S.D.Ga.1978). The Bankruptcy Code, under Rule 301(b), does not differentiate between government and private claimants when proofs of claim are filed. See, e.g., In re L.G.J. Restaurant, 27 B.R. 455; Watson v. Thompson, 456 F.Supp. at 435; In re Avien, 390 F.Supp. 1335, 1341-42 (E.D.N.Y.), aff'd 532 F.2d 273 (2d Cir.1976). The State’s argument that the burden of proof rests upon the Committee must therefore be rejected.
The State also argues that even if the court was correct on the standard of proof, it erred in its application of that standard to these facts. The State, in effect, argues that the court erred in holding that the Committee had rebutted the State’s prima facie case. It argues that no one who was an employee of the debtor at the time the tax liability was incurred testified, and that the Committee offered no documentary evidence that the tax was not owed. It characterizes the rebuttal evidence of the Committee as self-serving and unsubstantiated, and it points to the fact that the debtor company maintained a facility in Fresno, California, which might have incurred the tax liability that the State is now claiming.
The State’s argument is unpersuasive. Mr. Guin, a thoroughly qualified witness, testified that Nipak’s books were in disarray and contained various errors. He further testified that in his examination *699 and search through company documents and records, he could find no evidence, nor indeed could the State point to any, that would support the entry of the subject tax liability on Nipak’s books. Guin’s testimony was credited by the district court. Thus, the bankruptcy court was fully entitled to weigh this evidence against that presented by the State of California, which was nothing other than an entry in the debtor’s books, and conclude that the Committee had successfully rebutted the State’s prima facie case.
The judgment of the district court is therefore
AFFIRMED.