George W. PONCY et al., Plaintiffs,

v.

JOHNSON AND JOHNSON, a New Jersey Corporation, Defendant.

George W. PONCY et al., Plaintiff,

v.

JOHNSON AND JOHNSON, a New Jersey Corporation, Defendant.

Nos. 75–856–Civ–JLK and 76–534–Civ–JLK.

United States District Court, S. D. Florida.

June 9, 1976.

552

G. Morton Good, Miami, Fla., for plaintiffs.

Harry Kemker, Tampa, Fla., for defendant.

ORDER GRANTING DEFENDANT'S MOTIONS TO TRANSFER ACTIONS UNDER 28 U.S.C. § 1404(a)

JAMES LAWRENCE KING, District Judge.

These actions are before me upon the defendant's Motion for Order Dismissing Complaint and Action for Failure to Join Indispensable Parties or Transferring Action Pursuant to 28 U.S.C. § 1404(a) in Case No. 75–856 and defendant's Motion to Dismiss for Failure to Join Indispensable Parties; Motion to Transfer Pursuant to 28 U.S.C.A. § 1404(a) in Case No. 76–534.

Both parties have filed extensive memoranda of law with affidavits and references to the pleadings and discovery taken to date. The Court directed counsel to appear for oral argument on May 13, 1976 on the defendant's motions to transfer pursuant to 28 U.S.C. § 1404(a) only, and this Order pertains only to defendant's motions to transfer.

After having reviewed and considered the instant motions, the memoranda of law, the pleadings, affidavits, and referenced discovery matters, and having heard and considered the oral arguments of counsel, the Court grants the defendant's motions to transfer each of the referenced cases to the United States District Court for the District of New Jersey, Newark Division.

## I. NATURE OF THESE ACTIONS AND GENERAL CONSIDERATIONS UNDER 28 U.S.C. § 1404(a)

Case No. 75–856 was instituted against defendant Johnson & Johnson, a New Jersey corporation, on May 28, 1975, by four individual plaintiffs asserting violations of Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2), Sections 3 and 7 of the Clayton Act (15 U.S.C. §§ 14 and 18), a claim for fraud, and a claim for breach of contract. The complaint in this action reflects that plaintiffs' relationship with defendant is founded upon a patent license agreement, identified as "Option and Patent Purchase Agreement", by which plaintiffs and other persons not parties herein conveyed to defendant certain rights to a thermometer sheath device. Defendant also had other patent license agreements with a New Jersey corporation known as Bio-Medical Sciences, Inc. ("BMS"), which agreements plaintiffs contend prevented performance of defendant's obligations to them under the Option and Patent Purchase Agreement. Each of the plaintiffs' claims against defendant arises from these referenced contractual agreements, although the plaintiffs urge certain additional conduct by the defendant in support of their various antitrust claims and the fraud claim.

In Case No. 76–534, filed on March 16, 1976, the same individual plaintiffs have again sued defendant Johnson & Johnson, this time seeking a declaration of certain rights under the same Option and Patent Purchase Agreement. This case seems to be entirely founded upon the relationship between the plaintiffs and the defendant under the Option and Patent Purchase Agreement.

While district courts have considered a large number of factors in determining whether or not an action should be transferred under 28 U.S.C. § 1404(a), the basic test is set forth in the statute itself, which authorizes transfer of an action "for the convenience of parties and witnesses, in the interest of justice," when the transferee court is a court where the action might have originally been brought. This Court is mindful that the plaintiffs' choice of forum is a meaningful consideration, and that the movant bears the burden of demonstrating the propriety of transferring the action. However, the ultimate determination is essentially one directed to the discretion of the district court. *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970); *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966).

After having evaluated the various factors pertinent to defendant's motions to transfer cited by both parties, the Court is of the opinion that the defendant has clearly sustained its burden of demonstrating that, for the convenience of the parties and witnesses, in the interest of justice, these actions should be transferred to the United States District Court for the District of New Jersey, Newark Division.

## II. FACTORS SUPPORTING TRANSFER

A. *Convenience of the Parties.*

1. The defendant is a New Jersey corporation with its principal offices in New Brunswick, New Jersey. Most of the defendant's employees who have knowledge pertaining to the facts and circumstances of these actions are employed at the defendant's principal offices. The plaintiffs have

commenced a series of depositions of a large number of the defendant's employees and have conducted extensive documentary discovery at the defendant's offices in New Brunswick, New Jersey. By virtue of this Court's order, the defendant maintains at its offices in New Jersey a document depository containing approximately 60,000 documents produced by the defendant to date. The District Court of New Jersey is without question the most convenient forum for the defendant.

2. The four plaintiffs and the three persons whom defendant contends are indispensable parties to these actions are all parties signatory to the Option and Patent Purchase Agreement. Two of the plaintiffs, Theodore Morris, Jr. and Alfred Moss, reside in New York City.[1] The other two plaintiffs, George W. Poncy, Sr. and Rick E. Vernoia, reside in Florida in this District. Two individual signatories of the Option and Patent Purchase Agreement, Sidney B. Becker and Irving M. Gruber, reside in New York City. The defendant has moved to dismiss these actions for failure to join Becker and Gruber as indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.[2] The seventh signator to the Option and Patent Purchase Agreement is Steriseal, Inc., a now-dissolved New Jersey corporation, whose principal offices were in Chatham, New Jersey. Defendant contends that Steriseal, Inc. is also an indispensable party plaintiff in these actions.

■ The United States District Court in Newark, New Jersey is as convenient, if not more convenient, to the named plaintiffs in these actions. However, when the Court considers the advantage of the ability to join the claimed indispensable parties and, thus, to adjudicate the rights of all parties to the Option and Patent Purchase Agreement in one forum, the convenience of plaintiffs[3] clearly supports transfer of these actions to the United States District Court, Newark, New Jersey.

B. *Convenience of Witnesses.*

Section 1404(a) also looks to the "convenience of witnesses", both party and non-party. *Samisky v. Occidental Petroleum Corp.*, 373 F.Supp. 257 (S.D.N.Y.1974). It is clear to the Court that on the whole the convenience of witnesses in these actions supports transfer of this action to the United States District Court in Newark, New Jersey.

1. The patent license agreements between the defendant and BMS and the purported relationship between the defendant's agreements with BMS and the Option and Patent Purchase Agreement are central facts in Case No. 75–856. The principal offices of BMS are in Fairfield, New Jersey and, thus, the United States District Court

---

1. The Court notes that when the defendant noticed depositions of plaintiffs Morris and Moss to be taken in Miami, Florida, counsel for plaintiffs moved for a protective order on the ground that requiring Morris and Moss to travel to this District for their depositions constituted an undue burden, economic hardship and harassment. This suggests to the Court that this District is not a particularly convenient forum for Morris and Moss.

2. The question of the plaintiffs' failure to join Becker and Gruber has been raised by the defendant as a defense in its answers in these actions and by the defendant's motions to dismiss these actions for failure to join indispensable parties. Considerable discovery has been accomplished concerning the issue of failure to join indispensable parties in Case No. 75–856. After the defendant filed its motion to dismiss that action for failure to join indispensable parties, plaintiffs, in response to the defendant's

motion, moved to amend their complaint, appending to their motion an agreement purporting to assign certain rights of Becker and Gruber to plaintiff Poncy. The defendant has raised a number of questions about the legal efficacy of that assignment. However, the Court specifically does not rule upon the question of whether Becker and Gruber are indispensable parties to these actions, although the Court is cognizant of the defendant's claim that Becker and Gruber are indispensable parties under Rule 19 of the Federal Rules of Civil Procedure.

3. Plaintiffs' contention that the plaintiff George W. Poncy, Sr. is the most knowledgeable plaintiff concerning the subject matter of these actions has little bearing, if any, upon a determination of the convenience of the plaintiffs or the parties as a whole of continuing this action in this District.

in Newark, New Jersey is the most convenient forum for the employees of BMS who will be required to give testimony in this action.

2. Each of the antitrust claims in Case No. 75–856 will require a determination of the relevant geographic and product markets for the thermometer sheath product in question. Analysis of the characteristics of thermometer-related products manufactured by third parties and determination as to whether such products are competitive with plaintiffs' thermometer sheath product will necessarily be involved in defining the relevant product market. In addition, the Court must determine the geographic area in which other thermometer-related products compete or have competed with plaintiffs' product and the respective market shares of such competitors. Although the plaintiffs and the defendant differ in some instances as to which third parties have manufactured products competitive with plaintiffs' thermometer sheath device, this disagreement is, in the Court's view, no more than an early indication of the inevitable dispute between the parties concerning defining the relevant geographic and product markets. However, regardless of the ultimate market definitions, each side may now seek discovery from whichever third parties it feels will provide support for its position.

Four of the thermometer-related products manufacturers whom the defendant contends will be subjects of discovery efforts and will provide trial testimony concerning the market definition questions are Becton & Dickinson, Inc., Cheeseborough-Ponds, Inc., Kaye Thermometer Corporation and C. R. Bard, Inc.[4] Each of these companies is located in New Jersey or within 100 miles of the United States District Court in Newark, New Jersey, and each is, thus, subject to trial subpoena issued by that District Court under Rule 45(e) of the Fed-

eral Rules of Civil Procedure. In addition, the United States District Court in Newark, New Jersey will have direct control of any discovery questions and disputes raised by such third parties located in New Jersey in the likely event that such questions and disputes arise.

There are other third-party corporations, located in Missouri and California, whose representatives and documents may be the subject of discovery in Case No. 75–856 and whose testimony may be required at trial. With respect to these third-party corporations, there seems to be no meaningful advantage in terms of convenience of witnesses if this case is tried by the United States District Court in Newark, New Jersey or remains in this District for trial.

The Court concludes, therefore, that the United States District Court in Newark, New Jersey is manifestly more convenient for the majority of third-party witnesses than the Southern District of Florida. Although one material third-party witness resides within this District, the majority of such witnesses are located in or within 100 miles of the United States District Court in Newark, New Jersey, and are, thus, subject to mandatory process issuing therefrom.

### C. The Interests of Justice.

In evaluating a motion to transfer, § 1404(a) requires the district court to consider not only the convenience of parties and witnesses, but also whether or not transfer of the action will serve the interests of justice. There are a number of factors in the cases at bar which manifestly support this Court's conclusion that the interests of justice will be served by transferring these actions to the United States District Court for the District of New Jersey, Newark Division.

1. The Court has already discussed two extremely significant factors which weigh

4. Although there is some difference of opinion between the plaintiffs and the defendant as to which of these third-party corporations will be subjects of discovery and may provide evidence at trial, it is apparent from plaintiffs' response to Interrogatory 21(b)(iii) in their Second Sup-

plemental Responses to Defendant's First Interrogatories, served March 11, 1976, that the plaintiffs agree with defendant's contention that certain of these corporations will provide relevant evidence in Case No. 75–856.

heavily in favor of transfer of these actions to the United States District Court in Newark, New Jersey in the interests of justice. The first such factor is related to defendant's defenses and motions concerning plaintiffs' alleged failure to join indispensable parties. Although the Court does not consider it necessary to decide the indispensable party issue at this time, the Court must consider in deciding defendant's motions to transfer the fact that all the parties to the Option and Patent Purchase Agreement can be joined in these actions, by mandatory process if necessary, in the United States District Court in Newark, New Jersey. Thus, the rights of all parties to the Option and Patent Purchase Agreement can be adjudicated in one forum, and defendant will not bear the risk of duplicative, inconsistent actions in the future brought by absent indispensable parties. Moreover, even if Sidney B. Becker and Irving M. Gruber are not indispensable parties to these actions under Rule 19 of the Federal Rules of Civil Procedure, they most certainly can provide material testimony at the trial of these actions and transfer of these actions will subject them to subpoena from the United States District Court in Newark, New Jersey to testify at the trial of these actions.

2. Another important factor affecting the interests of justice is closely related to the convenience of third-party witnesses previously discussed. As stated in *Commercial Solvents Corp. v. Liberty Mutual Ins. Co.*, 371 F.Supp. 247, 250 (S.D.N.Y.1974):

"The possibility that a case may be tried where certain crucial witnesses could not be compelled to attend is an important consideration. Requiring a party to try his case with depositions because the place of trial is such as to prevent the party from compelling attendance of material witnesses is unacceptable when the case could be transferred to a district where attendance could be compelled and which would be convenient in other respects for both parties."

This Court deems it extremely significant that, in evaluating the interests of justice in connection with the instant motions, if this case is tried in Miami, Florida, the jury will almost certainly be denied the opportunity to hear live testimony from a number of material witnesses. On the other hand, many material third-party witnesses are located in or within 100 miles of the United States District Court in Newark, New Jersey, and will, thus, be subject to subpoena to testify at the trial of these actions under Rule 45(e) of the Federal Rules of Civil Procedure.

3. The Option and Patent Purchase Agreement was negotiated and executed in New Jersey, and by its express terms, the Option and Patent Purchase Agreement must be interpreted in light of the substantive law of New Jersey. Thus, plaintiffs' claims for fraud and breach of contract in Case No. 75–856 will be governed by substantive New Jersey law, and the rights plaintiffs seek to have declared in Case No. 76–534 must be determined with reference to substantive New Jersey law. Moreover, although the parties differ on its ultimate legal consequences and on what law is applicable thereto, the Court is of the opinion that the effect of the assignment agreement between Becker and Gruber and plaintiff George W. Poncy may also involve questions of substantive New Jersey law. The Court feels that the United States District Court in Newark, New Jersey is a more appropriate forum than this Court for applying substantive New Jersey law to the various questions to which such law is applicable in these actions.

4. It is instructive to the Court that the major discovery efforts in this case have taken place in either New Brunswick, New Jersey or New York City. All depositions of defendant's employees to date have been taken in New Brunswick, New Jersey, and defendant maintains its document depository containing approximately 60,000 documents in New Brunswick, New Jersey. In addition, the depositions of Gruber, Becker, and plaintiff Morris have been taken in New York City and the deposition of plaintiff Moss is to be continued in New York City.

In short, it clearly appears to this Court that the center of gravity of these actions is in New Jersey and that transfer of these actions to the United States District Court in Newark, New Jersey will serve the interests of justice.

Although most of the factors discussed above have been raised and argued specifically in the context of Case No. 75–856, the Court notes that most of these factors also appear to be applicable to Case No. 76–534, which the plaintiffs have recently filed. The defendant has filed motions to dismiss for failure to join indispensable parties and to transfer pursuant to 28 U.S.C. § 1404(a) in Case No. 76–534, which motions are identical in substance to those filed by the defendant in Case No. 75–856. This Court has reviewed the complaint for declaratory relief in 76–534 and feels that plaintiffs could have appropriately moved for leave to amend or supplement their complaint in Case No. 75–856, rather than filing a separate action. In any event, the Court considers Case No. 76–534 to be so closely related to Case No. 75–856 that most of the factors supporting transfer of Case No. 75–856 to the United States District Court in Newark, New Jersey also support transfer of Case No. 76–534 to that District Court.

## III. PLAINTIFFS' CONTENTIONS

Despite the overwhelmingly clear nexus of these actions to New Jersey and the overwhelmingly clear absence of any connection of the substance of these actions to this District, the plaintiffs contend that defendant's motions to transfer these actions to the United States District Court in Newark, New Jersey should fail because defendant is guilty of unreasonable delay or laches. Plaintiffs also contend that transfer of these actions to the United States District Court in Newark, New Jersey will prejudice them in terms of wasted investment of time and money in their Florida counsel, and in terms of probable delay of their trial date because of the more congested docket conditions in the United States District Court in Newark, New Jersey. The Court will address these arguments in turn.

### A. *Defendant's Delay in Filing Motion.*

Plaintiffs' argument concerning defendant's delay in filing its motion to transfer in Case No. 75–856 is not well-founded. The Court does not regard delay as a controlling factor on a motion to transfer, but only one of many factors which the Court may evaluate. Mere knowledge of the names and addresses of the parties is normally not sufficient to support a motion to transfer under 28 U.S.C. § 1404(a). Rather, as expressed in the case of *A. C. Nielsen Company v. Hoffman,* 270 F.2d 693 (7th Cir. 1959), the district court should not enter a transfer order under 28 U.S.C. § 1404(a) until the issues in the case have been sufficiently refined. Particularly in a complex antitrust case such as Case No. 75–856, some time will be required to refine the issues in the case by the process of discovery and to identify factors pertinent to transfer.

The Court notes that the defendant first raised the question of failure to join indispensable parties in its Answer in Case No. 75–856. Plaintiffs did not advise the Court of the absence of possible indispensable parties as required under Rule 19(c) of the Federal Rules of Civil Procedure, and plaintiffs' responses to defendant's interrogatories concerning possible indispensable parties were obfuscatory. Defendant, thus, was required to conduct additional discovery in order to ascertain the facts necessary to support its motion to dismiss for failure to join indispensable parties. The Court feels that defendant properly combined its motion to dismiss for failure to join indispensable parties with its motion to transfer pursuant to 28 U.S.C. § 1404(a).

In addition, facts pertaining to the identity of possible third-party witnesses could not be immediately known to defendant by reference to the complaint in Case No. 75–856, and plaintiffs' responses to defendant's interrogatories seeking explication of their antitrust claims and identity of possible third-party witnesses were not fully or promptly forthcoming. For example, plaintiffs' first meaningful answer to defend-

ant's Interrogatory 21(b)(iii), which identifies persons who plaintiffs claim are their competitors in the sale of thermometer products, was not forthcoming until approximately two weeks prior to the time that defendant's motion to transfer Case No. 75–856 was filed.

Moreover, by filing Case No. 76–534, which represents to this Court no more than an amendment or supplement to plaintiffs' complaint in Case No. 75–856, plaintiffs can hardly urge that they have been prejudiced by defendant's delay in filing its motion to transfer Case No. 75–856. The Court notes that there is no question of delay raised in connection with defendant's motion to transfer Case No. 76–534.

### B. *Inconvenience to Plaintiffs' Counsel.*

Although plaintiffs urge inconvenience to their Florida counsel if this case is transferred to the United States District Court in Newark, New Jersey, it seems to be well-established that inconvenience to counsel is not a factor to be considered in determining whether or not a case should be transferred under 28 U.S.C. § 1404(a). *Solomon v. Continental American Life Insurance Company,* 472 F.2d 1043 (3rd Cir. 1973); *Xerox Corp. v. Litton Industries, Inc.,* 353 F.Supp. 412 (S.D.N.Y.1973); *Galfand v. Chestnutt,* 363 F.Supp. 296 (E.D.Pa. 1973); *Medicenters of America, Inc. v. T and V Realty & Equipment Corp.,* 371 F.Supp. 1180 (E.D.Va.1974); *Triangle Industries, Inc. v. Kennecott Copper Corp.,* 325 F.Supp. 150 (E.D.Pa.1971); *Parkhill Produce Co. v. Pecos Valley Southern Ry. Co.,* 196 F.Supp. 404 (S.D.Tex.1961). The Court notes that 28 U.S.C. § 1404(a) is specifically concerned with the convenience of the parties and witnesses, and not with the convenience of attorneys for the parties.

### C. *Delay of Trial.*

Plaintiffs urge that trial of these actions will necessarily be delayed if they are transferred to the United States District Court in Newark, New Jersey because of the statistical disparity between that District and this District in terms of the average time for disposition of a case in that District as opposed to this District. However, as the Court observed at oral argument, the Court's present docket conditions are such that it is at best uncertain that trial of Case No. 75–856 as scheduled in October 1976 will be feasible. In fact, in light of recent developments in this Court's docket, the Court cannot say that there will be any meaningful disparity between the time this Court can try these cases and the time the United States District Court in Newark, New Jersey can try these cases.

In summary, this Court does not feel that, in light of all the relevant circumstances, defendant has been guilty of unreasonable delay or laches in filing its motion to transfer, nor does the Court feel that the facts support plaintiffs' arguments that they have been prejudiced by defendant's delay in filing its motion to transfer in Case No. 75–856. Moreover, the Court would note that all discovery conducted by the parties to date can be fully utilized in the transferee court.

## IV. CONCLUSION

It is abundantly clear to this Court that these actions should be transferred to the United States District Court for the District of New Jersey, Newark Division, for the convenience of the parties and witnesses, in the interest of justice, pursuant to 28 U.S.C. § 1404(a). The United States District Court in Newark, New Jersey is the more convenient forum to the parties collectively and to the vast majority of material third-party witnesses, particularly representatives of Bio-Medical Sciences, Inc. It is fundamental that, when possible, the trier of fact should be given the opportunity to evaluate live testimony, and the United States District Court in Newark, New Jersey can command the presence at trial of many more of the material third-party witnesses than this Court can command to appear.

In addition, the Court believes that transfer of these actions will result in economy of judicial time, since the question raised by

defendant concerning plaintiffs' failure to join indispensable parties can be effectively resolved by the United States District Court in Newark, New Jersey by mandatory joinder, if necessary, pursuant to Rules 19(a) and 4(f) of the Federal Rules of Civil Procedure.

In addition, the United States District Court in Newark, New Jersey is more suited to applying substantive New Jersey law to the various contract and fraud issues to which the substantive New Jersey law is applicable in these actions.

Thus, taking into consideration all the relevant factors discussed herein pertaining to defendant's motions to transfer, the Court concludes that the convenience of the parties and witnesses and the interests of justice would be best served by the transfer of these actions to the United States District Court for the District of New Jersey, Newark Division. Accordingly, defendant's motions to transfer these cases are granted.

The Clerk of the Court is hereby directed to make all preparations necessary to effect the expeditious transfer of these actions to the United States District Court for the District of New Jersey, Newark Division.

IT IS SO ORDERED.