Dr. Harry W. THERIAULT, a/k/a Shiloh, the Bishop of Tellus, et al., Plaintiffs-Appellants,

v.

Frederick SILBER et al., and Rev. Jack A. Hanberry, et al., Defendants-Appellees.

No. 75–2269.

United States Court of Appeals, Fifth Circuit.

March 7, 1977.

Rehearing and Rehearing En Banc Denied April 19, 1977.

Michael J. Thibodeaux, Legal Aid Clinic, Edward L. Sargologos, Houston, Tex., for plaintiffs-appellants.

John E. Clark, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Asst. U. S. Atty., El Paso, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD, Circuit Judge, and MEHRTENS *, District Judge.

PER CURIAM:

In two of three cases [1] consolidated for appeal in *Theriault v. Carlson*, 5 Cir., 1974, 495 F.2d 390, this Court vacated the District Court's determinations and remanded for a full evidentiary hearing on whether the Eclatarian faith, also known as the Church of the New Song, was a religion within the ambit of protections conferred by the Free Exercise and Establishment clauses of the First Amendment. On remand, Theriault I was transferred pursuant to 28 U.S.C.A. § 1404(a) to the United States District Court for the Western District of Texas so the evidentiary hearing required by our mandate for Theriault I and Theriault II could be conducted in one proceeding.

■ On appeal from the District Court's dismissal of Theriault I and II, three issues are presented. One contention is that employment of chaplains in federal prisons by the United States violates the Establishment Clause. This contention overlooks the balancing between the Free Exercise and Establishment clauses and is thus to no avail for Theriault. See *School District of Abington v. Schempp*, 1963, 374 U.S. 203, 299, 83 S.Ct. 1560, 10 L.Ed.2d 844 (Brennan, J., concurring); *Everson v. Board of Education*, 1947, 330 U.S. 1, 15, 67 S.Ct. 504, 91 L.Ed. 711; *Fulwood v. Clemmer*, D.D.C., 1962, 206 F.Supp. 370, 374; *see generally, Wisconsin v. Yoder*, 1972, 406 U.S. 205, 234 n. 22, 92 S.Ct. 1526, 32 L.Ed.2d 15; *Sherbert v. Verner*, 1963, 374 U.S. 398, 409, 83 S.Ct. 1790, 10 L.Ed.2d 965.

■ The second issue presented is the propriety of the transfer of Theriault I pursuant to 28 U.S.C.A. § 1404(a) to the Western District of Texas for a consolidated evidentiary hearing with Theriault II. We find this transfer permissible. To have done otherwise would have caused ". . . extravagantly wasteful and useless duplication of time and effort of the federal courts. . . ." Cf. *General Tire and Rubber Co. v. Watkins*, 4 Cir., 1967, 373 F.2d 361, 369.

■ Theriault's third contention is the trial court incorrectly determined that the " 'Church of the New Song' is not a religion within the scope of the First Amendment" and "not being a religion within the scope of the First Amendment, the 'Church of the New Song' is not entitled to First Amendment protection as a religion." Ordinarily review by this Court of a trial court's findings of fact is governed by the "Buckler and Shield" of F.R.Civ.P. 52(a). However, when an improper legal standard, or a proper one improperly applied, is utilized by a District Court in arriving at its findings, the clearly erroneous rule is no impediment to review. See *Battelstein Investment Co. v. United States*, 5 Cir., 1971, 442 F.2d 87, 92; *McGowan v. United States*, 5 Cir., 1961, 296 F.2d 252, 254. Our examination of the District Court's findings of fact and conclusions of law discloses two deficiencies that require this Court to vacate the District Court's judgment and remand for further consideration.

■ One is the absence of any indications of how, why, or on what basis the District Court concluded as a finding of fact that Theriault's beliefs do not constitute a reli-

---

* Senior District Judge for the Southern District of Florida, sitting by designation.

1. The three cases are *Theriault v. Carlson*, N.D. Ga., 1972, 339 F.Supp. 375 (Theriault I); *Theriault v. Silber*, W.D.Tex., 1973, No. 73–1182 (Theriault II); and *Theriault v. Carlson*, N.D. Ga., 1973, 353 F.Supp. 1061 (Theriault III).

Theriault I and II were remanded to their respective District Courts. For Theriault III, the civil contempt order was reversed, annulled and set aside by the panel in *Theriault v. Carlson*, 5 Cir., 1974, 495 F.2d 390, 395.

We have followed the numbering scheme utilized in the prior panel opinion, *Id.*, but this is not the full picture. See *Id.*, at 394 n. 5.

gion. As such, these findings are inadequate and do not satisfy F.R.Civ.P. 52(a). See Mladinich v. United States, 5 Cir., 1967, 371 F.2d 940.

■ The second is the District Court's reliance on *United States v. Kuch*, D.D.C., 1968, 288 F.Supp. 439, for standards to be used in ascertaining if the Eclatarian faith is a religion. To the extent that *Kuch* includes within its test criteria the requirement that one possess a ". . . belief in a Supreme being . . ." and such a criterion excludes, for example, agnosticism or conscientious atheism, from the Free Exercise and Establishment shields, that requirement is too narrow. Cf. *United States v. Seeger*, 1964, 380 U.S. 163, 166, 173–76, 85 S.Ct. 850, 13 L.Ed.2d 733; *Torcaso v. Watkins*, 1961, 367 U.S. 488, 495 n. 11, 81 S.Ct. 1680, 6 L.Ed.2d 982.[2]

On remand, the District Judge should conduct further proceedings on the present record and on such a supplemented record as it and the parties initially deem proper to make more explicit findings of fact and conclusions of law. What is "religion" cannot be compressed into the mold of *Kuch*. It is much too serious and goes to the vitals of the First Amendment. We ought not explore this profound problem without full ventilation by the trial court. When reconsidering what constitutes a religion, a thorough study of the existing case law should be accompanied by appropriate evidentiary exploration of philosophical, theological, and other related literature and resources on this issue.[3]

For the foregoing reasons, the order dismissing Theriault I and II is vacated and this case is remanded for further consideration in accordance with this opinion.

## VACATED and REMANDED.

**2.** In the District Court's order, a quotation from *Kuch, supra,* and *Seeger, supra,* is present. However, the District Court does not indicate the full extent or lack thereof to which it utilized the standards available for determining whether a belief constitutes a religion.

**3.** Because material defining religion came to this Court from Theriault pro se, not from his counsel, we initially rejected this received but not filed material. The Court has considered the material submitted by Theriault on January 20, 1977. This is just the sort of thing the Court believes should be ventilated first in the trial court.