The COATS COMPANY, INC., a Corporation of Iowa, Plaintiff,

v.

VULCAN EQUIPMENT COMPANY, LTD., a Corporation of Ontario, Canada, Defendant.

No. 78 C 1007.

United States District Court, N. D. Illinois, E. D.

Oct. 10, 1978.
On Motion for Reconsideration Nov. 6, 1978.

William A. VanSanten, Jr., and James C. Wood, Wegner, Stellman, McCord, Wiles & Wood, Chicago, Ill., for plaintiff.

Gilbert H. Hennessey, III, Thomas E. Smith, and Leo Smith, Lee & Smith, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before the court are the following motions of the parties:

Defendant Vulcan Equipment Company, Limited's motion to dismiss for lack of personal jurisdiction, Rule 12(b)(2) F.R.Civ. Pro., or in the alternative to transfer the instant action to the Southern District of Iowa, 28 U.S.C. § 1404(a);

Plaintiff Coats Company, Inc.'s motion to enjoin the defendant from pressing at this time the declaratory judgment action, initiated by the Vulcan Equipment Company, now pending in the Southern District of Iowa.

This is an action for patent infringement. The plaintiff, Coats Company, Inc. (hereinafter Coats), is an Iowa corporation having its principal place of business in Tennessee. Coats is also a wholly owned subsidiary of Hennessy Industries, Inc., a Delaware corporation which maintains its principal corporate offices in Elk Grove Village, Illinois. The defendant, Vulcan Equipment Compa-

ny, Limited (hereinafter Vulcan), is a Canadian corporation. It is not licensed and does no business in Illinois. The complaint contains two counts. Jurisdiction as to Count I lies under 28 U.S.C. § 1338(a), while jurisdiction for Count II is founded on 28 U.S.C. §§ 1332, 1338(b).

In its complaint, Coats argues that certain automobile tire changers manufactured and sold by the defendant infringe on three patents owned by the plaintiff. These patents were originally assigned to Coats, not Hennessy Industries, Inc., and still remain in the plaintiff's name. The instant action was filed in this district on March 17, 1978, but two of the patents now at issue were incorrectly identified. This error was remedied on March 24th, when the plaintiff filed its amended complaint. On March 23rd, however, Vulcan brought a declaratory judgment action in the Southern District of Iowa, naming Coats as the defendant. The same three patents were properly identified and in Vulcan's original complaint and are currently at issue in the Iowa action.

It is quite apparent that the actions now pending in this district and in Iowa are closely related. Not only does each present numerous questions of law and fact common to the other, but concerns over the same patents form the primary issues in both suits.[1] That the parties recognize the duplicity in their respective actions is equally clear, as is evidenced by Vulcan's motion for transfer and consolidation and Coats' request that further prosecution of the Iowa suit be enjoined pending resolution of the instant case. Accordingly, it is incumbent upon this court to resolve this situation quickly, yet in the most appropriate manner, in order to prevent the wasteful and apparently needless duplication of time and effort that would result from the simultaneous trial of two such complex and elaborate cases. *General Tire & Rubber Co. v.*

*Watkins*, 373 F.2d 361, 369 (4th Cir. 1967); *see also Theriault v. Silber*, 547 F.2d 1278, 1280 (5th Cir. 1977).

Vulcan's motion for transfer and consolidation presents a possible avenue for resolving the potentially costly and wasteful situation that now exists. Before proceeding with a discussion of its merits, however, the relevant statute, 28 U.S.C. § 1404(a) must be examined. § 1404(a) is not merely a codification of the common law doctrine of forum non conveniens. *St. Joe Paper Co. v. Mullins Mfg. Corp.*, 311 F.Supp. 165, 168 (D.Ohio 1970). Rather the statute is more lenient, *Akers v. Norfolk & W. Ry. Co.*, 378 F.2d 78, 79 (4th Cir. 1967); *Alabama Great S. Ry., Co. v. Allied Chem. Co.*, 312 F.Supp. 3, 9 (D.Va.1970), in that ·a lesser showing of inconvenience is needed for transfers than was required for dismissals under the common law doctrine. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955); *Scaramuzzo v. American Flyers Airline Corp.*, 260 F.Supp. 746, 748 (E.D.N.Y.1966); 15 Wright & Miller, Fed.Prac. & Pro. § 3848. In addition, the plaintiff's choice of forum, while still of considerable importance, is no longer the overriding factor that it once was under the doctrine of forum non conveniens.[2] *Y*[4] *Design Ltd. v. Regensteiner Publ. Enterprises, Inc.*, 428 F.Supp. 1067, 1070 (S.D.N.Y.1977). As other factors are now to be given equal consideration, *Id.*, the plaintiff's choice of forum is, under the statute, but one of many factors to be viewed by the court when making its determination of convenience. *General Signal Corp. v. Western Elec. Co.*, 362 F.Supp. 878, 880 (N.D.Ill. 1973). Other factors to be considered include: convenience of the parties; convenience of the fact witnesses; the cost of obtaining the presence of witnesses; and the interests of justice in general. *Car-*

---

1. The circumstances are such that, had Coats chosen to do so, it could have properly raised its patent infringement claim in a compulsory counterclaim in Vulcan's declaratory judgment action. Rule 13(a), F.R.Civ.Pro.

2. In situations such as the one presented in the instant case, where the operative facts have no

material connection with the district in which the suit was brought, the plaintiff's choice of forum is entitled to even less weight than is ordinarily the case. *Credit Alliance Corp. v. Nationwide Mut. Ins. Co.*, 433 F.Supp. 688, 689 (S.D.N.Y.1977).

*Freshener Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82, 85 (N.D.N.Y.1977); Wright, Law of Fed. Courts § 44. Considerations of judicial economy and efficiency, while seldom controlling in and of themselves, must also be accorded their proper weight. *See Theriault v. Silber*, 547 F.2d 1279, 1280 (5th Cir. 1977); *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 369 (4th Cir. 1967). In short, before a proper determination of convenience can be made under § 1404(a), close and careful consideration must be given to all of the relevant facts and circumstances. *See F.T.C. v. MacArthur*, 532 F.2d 1135, 1142 (7th Cir. 1976).

█ Of the many factors which bear on the questions of convenience, § 1404(a) shows primary concern for those relevant to the convenience of the parties and witnesses.[3] The merits of Vulcan's motion must, therefore, be evaluated in light of this statutory policy. Turning first to the convenience of the parties, it seems that this factor is essentially neutral. At present, both parties are obliged to appear in each forum. While it is true that the actions currently pending in each district are very similar, they are not identical. Even if this court were to grant Coats' motion and enjoin Vulcan from continuing with its declaratory judgment action until such time as the instant case is concluded, it could not be certain that no further proceedings would be required in Iowa. Resolution of Coats' tort claim would not necessarily result in the final determination of every issue raised in the declaratory judgment action. Thus, it is not inconceivable that Coats would be required to defend itself in the other forum long after the instant action has been resolved. As this is the case, it appears that Coats will not be seriously inconvenienced if it is ordered to press its tort claim in Iowa while also defending itself there.

█ With regard to the convenience of the witnesses, the court must consider not only the number of potential witnesses, but

also the nature and quality of their testimony and whether they can be compelled to testify. *Delay & Daniels v. Campbell Co.*, 71 F.R.D. 368, 372 (D.S.C.1976); *see Car-Freshner Corp. v. Auto Aid Mfg. Corp.*, 438 F.Supp. 82, 85 (N.D.N.Y.1977); Wright, Law of Fed. Courts § 44. A primary concern of the court should be to insure whenever possible the live presence of the more material non-party witnesses. *Poncy v. Johnson & Johnson*, 414 F.Supp. 551, 558 (S.D.Fla.1976); 15 Wright & Miller, Fed. Prac. & Pro. § 3851. In the instant action, many of the individuals likely to be called as witnesses reside in Tennessee, where Coats maintains its production operations, or in Canada, where Vulcan has its facilities. The additional costs, if any, of transporting these persons to Iowa, therefore, would be relatively minor. Furthermore, while it is possible that requiring these individuals to testify in the other forum could, due to difficulties in airline scheduling, lead to their being away from home for an additional day, this problem is not likely to occur and could quite probably be totally avoided through the cooperative efforts of the parties. Thus, it seems clear that any additional inconvenience these witnesses would suffer by having to appear in Iowa rather than in this district would be minimal at worst.

It is true, though, that these witnesses may be inconvenienced, if only to a slight degree, by having to go to Iowa. As the objective of § 1404(a) is to have actions heard in the most convenient forums, this fact would oftentimes be enough to defeat a motion such as the one currently under discussion. The situation presented in the instant case, however, differs noticeably from the ordinary. Here, the nature of the testimony of the aforementioned individuals, who will in all likelihood constitute the majority of those witnesses actually called at trial, is not as yet known. It is in fact quite possible that much of their testimony

---

**3.** The convenience of counsel is not one of the factors to be considered when determining whether a case should be transferred under 28 U.S.C. § 1404(a). *Commonwealth Edison Co.* *v. Train*, 71 F.R.D. 391, 394 (N.D.Ill.1976); *Poncy v. Johnson & Johnson*, 414 F.Supp. 551, 558 (S.D.Fla.1976).

will be cumulative and repetitive. Thus, those portions which may be significantly material cannot readily be ascertained. In addition, none of these potential witnesses reside within the subpoena powers of the courts of either forum under discussion. As a consequence, the ultimate disposition of Vulcan's motion will have no bearing on whether their personal presence can be judicially compelled.

Several individuals, however, whose potential testimony has been shown to be very material to this litigation, do reside within the subpoena power of the courts of the Southern District of Iowa.[4] Two of these individuals, Elmer J. Strang and James R. Foster, are listed as inventors of two of the patents currently at issue. A third, Melvin A. Mandelko, was a party in a Patent Office interference proceeding involving another of the contested patents. That their testimony may be significant is readily apparent, and the desirability of having it presented personally, rather than in deposition form, is equally clear. As each of these anticipated witnesses resides within 100 miles of Des Moines, Iowa, their live presence can be compelled judicially in the other forum. *SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214, 215 (D.Conn.1977). In this district, however, such testimony could only be obtained on a voluntary basis. Thus, from the standpoint of the convenience of the most material witnesses, as well as in the interests of justice generally, the Southern District of Iowa appears to be the better forum. *See B. J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1104–05 (E.D.Pa.1977).

■ After examining and weighing all of the relevant factors, it is the opinion of this court that consolidation of the instant case with the related action now pending in Iowa would be both appropriate and in the best interests of justice. Neither party should be significantly inconvenienced by the transfer of this action, and it will result in only minimal inconvenience to many of the witnesses likely to be called at trial. For several very material witnesses, however, hearing this litigation in Iowa will prove much more convenient. In addition, because the live testimony of these individuals can be compelled in Iowa but not in Illinois, the interests of justice will be furthered significantly if this suit is entertained in the other forum. It is well settled that, whenever possible, the trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured. *Poncy v. Johnson & Johnson*, 414 F.Supp. 551, 558 (S.D.Fla. 1976); *Blender v. Sibley*, 396 F.Supp. 300, 302 (E.D.Pa.1975); *Oil & Gas Ventures- First 1958 Fund, Ltd. v. Kung*, 250 F.Supp. 744, 756 (S.D.N.Y.1966). This is especially true in situations such as the one before the court, where the qualitative value of the testimony sought is high. *B. J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1105 (E.D. Pa.1977); *Glickenhaus v. Lytton Financial Corp.*, 205 F.Supp. 102, 106 (D.Del.1962). Also of consequence is the fact that, by consolidating the two actions, all of the questions and issues raised in each can be settled in one proceeding. The ultimate resolution of the various controversies involving these parties, therefore, would be achieved more rapidly and efficiently. Finally, as was noted previously, judicial economy and efficiency will also be noticeably enhanced if these actions are heard together in a single proceeding. While these factors are not often given substantial weight when determining the propriety of a change of venue, they are to be afforded greater consideration in situations where wasteful and needless duplication of time and effort on the part of the federal courts would otherwise result. *Theriault v. Silber*, 547 F.2d 1279, 1280 (5th Cir. 1977); *General Tire & Rubber Co. v. Watkins*, 373 F.2d 361, 369 (4th Cir. 1967).

■ For the reasons stated above, Vulcan's motion for transfer and consolidation

4. The defendant has properly set out in its affidavit the names of these potential witnesses, where they currently reside and the substance of their probable testimony. *Develop-* *ment Co. of America v. Insurance Co. of North America*, 249 F.Supp. 117, 118 (D.Md.1966); Wright, Law of Fed. Courts § 44.

is hereby granted. As the instant action is now to be transferred to the Southern District of Iowa for consolidation with the related declaratory judgment action pending therein, Coats' request to have further prosecution of the latter action enjoined appears no longer to be viable. Accordingly, it must be denied for reasons of mootness. With regard to Vulcan's motion to dismiss for lack of personal jurisdiction, it is clearly settled that, when transferring an action under § 1404(a), the transferor court is not first required to establish personal jurisdiction over the movant defendant. *United States v. Berkowitz,* 328 F.2d 358, 361 (3d Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Shong Ching Lau v. Change,* 415 F.Supp. 627, 632 (E.D. Pa.1976). Consideration of this motion will, therefore, be deferred to the courts of the transferee forum.

## ON MOTION FOR RECONSIDERATION

■ This cause comes before the court on plaintiff's motion for reconsideration of the Order of this court dated October 10, 1978. Rule 59(e), F.R.Civ.Pro.

In the above-mentioned Order, it was directed that the patent infringement claim raised by the plaintiff, The Coats Company, Inc. (hereinafter Coats), in this district be transferred to the Southern District of Iowa for consolidation with a declaratory judgment action pending in that forum. The latter action had been instituted by the Vulcan Equipment Company, Ltd. (hereinafter Vulcan), the defendant in this case, some six days after the filing of Coats' claim. In its motion, the plaintiff has asked the court to consider the legal question of whether its patent infringement claim originally could have been brought in Iowa, an issue which was not specifically addressed in the October 10th Order. It correctly points out that, under 28 U.S.C. § 1404(a), an affirmative answer to this question is required for the transfer order at issue to be valid.

Coats contends that the Iowa court did not have personal jurisdiction over Vulcan on March 17, 1978, the date the Illinois action was filed. It argues that, because the defendant had no relevant contacts with the forum prior to that date, personal jurisdiction over Vulcan was lacking in Iowa until March 23rd, when the declaratory judgment action was initiated. This contention, however, is without merit.

Coats has argued in various memoranda that the case of *Cryomedics, Inc. v. Spembly, Ltd.,* 397 F.Supp. 287 (D.Conn.1975) should be controlling with regard to the personal jurisdiction questions raised in this litigation. Since the Seventh Circuit did not, when given the opportunity to do so, expressly question or reject the validity of that holding, *Honeywell, Inc. v. Metz Apparatswerks,* 509 F.2d 1137, 1143 n.2 (7th Cir. 1975), this court feels compelled under the circumstances to follow the reasoning of that decision. In *Cryomedics,* it was held that

When a federal court is asked to exercise personal jurisdiction over an alien defendant sued on a claim arising out of federal law, jurisdiction may appropriately be determined on the basis of the alien's aggregated contacts with the United States as a whole, regardless of whether the contacts with the state in which the district court sits would be sufficient if considered alone. If the defendant's contacts with the United States are sufficient to satisfy the fairness standard of the Fifth Amendment, then the only limitation on place of trial would be the doctrine of *forum non conveniens.*

397 F.Supp. at 290 (citations omitted).

The parties have agreed that Vulcan's contacts with the United States were sufficient in quality and nature to satisfy this standard. Accordingly, the courts of the Southern District of Iowa would have been able to validly assert personal jurisdiction over Vulcan on March 17th.

This court cannot agree with the plaintiff's reading of the *Cryomedics* decision. While it is true that the defendant there did have some contacts with the forum state, the court did not hold this to be an essential element in the determination of whether personal jurisdiction existed. Rather, as

was noted above, it clearly stated that "jurisdiction may appropriately be determined on the basis of the alien's aggregated contacts with the United States as a whole." *Id.* If sufficient contacts are found to exist, the court went on to hold, the only limitations on the place of trial would be those of *convenience.* Id.

In the instant case, Vulcan, an alien corporation, has admittedly had sufficient contacts with the nation as a whole to warrant a finding of personal jurisdiction under the *Cryomedics* reasoning. As the claim involved is one arising out of federal law, and the Southern District of Iowa has already been found to be a convenient forum in which to hear this litigation, there appears to be nothing in the *Cryomedics* decision which would require vacation of the Order of October 10th.

Accordingly, plaintiff's motion for reconsideration is denied.