895 F.2d 104
 Shiloh Harry THERIAULT, Appellant,
v.
A RELIGIOUS OFFICE IN THE STRUCTURE OF THE GOVERNMENT
REQUIRING A RELIGIOUS TEST AS A QUALIFICATION and
The Religious Agents Thereof at
Otisville, New York, and
Elsewhere, Appellees.
 No. 446, Docket 89-2301.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 20, 1989.
Decided Feb. 2, 1990.
 
 Shiloh Harry Theriault, pro se.
 Jonathan A. Weiss, New York City, for appellant (argument only).
 Nancy Kilson, Asst. U.S. Atty. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), for appellees.
 Before OAKES, Chief Judge, PRATT, Circuit Judge, and SAND, District Judge.*
 OAKES, Chief Judge:
 
 
 1
 Shiloh Harry Theriault, acting pro se and in forma pauperis, appeals a March 29, 1989, judgment of the United States District Court for the Southern District of New York, Charles E. Stewart, Jr., Judge, denying his motion for class certification pursuant to Federal Rule of Civil Procedure 23, and granting judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) to defendants-appellees, the United States Bureau of Prisons and Michael J. Quinlan, Warden of the Federal Correctional Institution at Otisville, New York ("FCI Otisville"). Finding the district court's dismissal of Theriault's claims alleging unconstitutional deprivations of religious liberty to be premature, we vacate the judgment and remand for further proceedings.
 
 FACTS
 
 2
 Theriault, an inmate of FCI Otisville acting on behalf of himself and other unnamed plaintiffs, challenges as unconstitutional the alleged exercise of nonreligious governmental authority by prison chaplains, and the denial of free exercise rights by prison officials to members of the "Holy Mizanic" faith. Theriault is no newcomer to federal court litigation. See Church of the New Song v. Establishment of Religion on Taxpayers' Money in the Fed. Bureau of Prisons, 620 F.2d 648, 654 n. 5 (7th Cir.1980) (listing dozens of cases), cert. denied, 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981). Previously, he unsuccessfully litigated several actions that, after being consolidated, upheld against an establishment clause challenge the constitutionality of federal prisons' use of public funds to employ chaplains, see Theriault v. Carlson, 339 F.Supp. 375, 380-81 (N.D.Ga.1972), vacated on other grounds, 495 F.2d 390 (5th Cir.), cert. denied, 419 U.S. 1003, 95 S.Ct. 323, 42 L.Ed.2d 279 (1974), aff'd on this ground sub nom. Theriault v. Silber, 547 F.2d 1279, 1280 (5th Cir.), cert. denied, 434 U.S. 871, 98 S.Ct. 216, 54 L.Ed.2d 150 (1977), and refused to grant free exercise clause protection to his then professed faith, the Church of the New Song. See Theriault v. Silber, 453 F.Supp. 254 (W.D.Tex.), appeal dismissed, 579 F.2d 302 (5th Cir.1978), cert. denied, 440 U.S. 917, 99 S.Ct. 1236, 59 L.Ed.2d 468 (1979).[1]
 
 
 3
 In this putative class action, Theriault seeks an injunction divesting federally employed chaplains of their nonreligious governmental powers, and granting him the right to use prison facilities for the study and observance of the Holy Mizanic faith, to distribute literature relating to the faith, and to be free from disciplinary actions taken by prison officials against adherents of his faith. Theriault additionally seeks monetary damages for the alleged constitutional violations.
 
 
 4
 On April 25, 1986, over two years after the present action was initially filed, the district court denied Theriault's motion for a preliminary injunction against exercise of nonreligious functions by prison chaplains on ground that he had presented insufficient evidence demonstrating likelihood of success on the merits. Nevertheless, the district court ruled that his claim was not barred under res judicata by his previous litigation challenging the employment of chaplains by federal prisons. Finding that the current action sought to strip chaplains of their governmental powers, and not to prevent the financing of chaplain services in federal prisons, the district court concluded that "the present action requires different evidence and involves different facts and issues than were previously litigated."
 
 
 5
 In ultimately granting judgment on the pleadings to defendants and denying class certification to plaintiffs, the district court ruled that the religious test clause of the United States Constitution, U.S. Const. art. VI, cl. 3,[2] which it found to be the sole basis for Theriault's complaint, does not provide protection of religious liberty that is independent from the guarantees embodied in the establishment clause of the First Amendment. Stating that plaintiffs' establishment clause challenges to the chaplaincy program had been rejected in Theriault's previous litigation, the district court held that "plaintiffs' claims based on the religious test clause must likewise be dismissed" (footnote omitted). The district court did not address Theriault's free exercise claim alleging suppression of the Holy Mizanic faith by prison officials.
 
 DISCUSSION
 
 6
 1. Exercise of Governmental Powers by Prison Chaplains
 
 
 7
 In this action, Theriault claims injury from chaplains at FCI Otisville who he alleges participate intimately in nonreligious prison affairs, including discipline of inmates. In addition to alleging specific nonspiritual duties performed by the chaplains, such as the writing of "Incident Reports," Theriault cites the handbook for inmates at FCI Otisville, which states:
 
 
 8
 FCI Otisville has two full-time Chaplains who are responsible for the operation of the Religious Department.... The purpose of the Religious Department is to provide for all of your spiritual needs, regardless of your religious denomination. The Religious Department will also assist in the correctional process to the fullest extent possible.
 
 
 9
 FCI Otisville Inmate Handbook 63 (Spring 1983) (emphasis added).
 
 
 10
 We find that the district court erred when it found, in essence, that Theriault's present claims are dressed-up versions based on the religious test clause of his previous challenges brought under the establishment and free exercise clauses. Rather than simply challenging federal prisons' employment of chaplains as he did in his previous litigation, Theriault in this action, as we read his complaint, challenges the chaplains' alleged exercise of nonreligious powers under both the establishment clause and the religious test clause. As the district court found when it rejected defendants' res judicata argument, this allegation is distinct from his previous unsuccessful challenge. Even assuming that the protections of the religious test clause are coextensive with those of the establishment and free exercise clauses, denial of Theriault's previous establishment clause challenge to the employment of chaplains in federal prisons hardly disposes of his present action.
 
 
 11
 Taking as true Theriault's allegation, as we must at this stage of the proceedings, that prison chaplains at FCI Otisville exercise nonreligious governmental authority, we find that Theriault's complaint raises significant constitutional questions. Although it is established that federal prisons and military establishments have the constitutional authority to hire chaplains, see Katcoff v. Marsh, 755 F.2d 223, 237 (2d Cir.1985) (military); Theriault v. Carlson, 339 F.Supp. at 380-81 (prisons), limits to the scope of duties exercisable by federally employed chaplains have never been defined. That chaplains cannot intervene excessively in the affairs of prison administration is manifest: "The hazards of churches supporting government are hardly less in their potential than the hazards of government supporting churches; each relationship carries some involvement rather than the desired insulation and separation." Walz v. Tax Comm'n, 397 U.S. 664, 675, 90 S.Ct. 1409, 1414-15, 25 L.Ed.2d 697 (1970) (footnote omitted); see also Everson v. Board of Educ., 330 U.S. 1, 16, 67 S.Ct. 504, 512, 91 L.Ed. 711 (1947) ("Neither a state nor the Federal Government can, openly or secretly, participate in the affairs of any religious organizations or groups and vice versa."); Theriault v. Carlson, 339 F.Supp. at 381-82 (holding unconstitutional prison chaplains' practice of filing reports on inmates' participation in religious activities). Indeed, in previously upholding the employment of chaplains by federal prisons and the military, we based our holding on the understanding that "[t]he primary function of the military chaplain is to engage in activities designed to meet the religious needs of a pluralistic military community." Katcoff, 755 F.2d at 226; see also Theriault v. Carlson, 339 F.Supp. at 380 ("The ordained clergymen on the federal payroll who serve as chaplains in the federal prison system are hired to provide for the spiritual needs of all prisoners...." (emphasis deleted)).
 
 
 12
 This case thus potentially presents an issue of first impression for the federal courts. Because the district court did not consider that prison chaplains' exercise of substantial governmental authority may constitute excessive religious entanglement in the affairs of the state, even if the employment of prison chaplains does not, we vacate its judgment. Doing so, we suggest that the district court on remand consider the scope of authority exercised by prison chaplains at FCI Otisville and determine whether such exercise constitutes a violation of the establishment or religious test clauses.
 
 
 13
 2. Prison Officials' Denial of Free Exercise Rights
 
 
 14
 The district court moreover erred in dismissing Theriault's claims that adherents of the Holy Mizanic faith are being deprived of their free exercise rights by prison officials. Admittedly, the Holy Mizanic faith may be nothing more than a renamed version of Theriault's previous Church of the New Song, which was held in the prior litigation as not constituting a religion that merits First Amendment protection. Before dismissing Theriault's action, however, the district court should have determined whether the Holy Mizanic faith constitutes a religion and, if so, whether the actions and current practices of prison officials at FCI Otisville are depriving adherents of their free exercise rights.
 
 
 15
 Judgment vacated and remanded.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 The cited decisions resulted from protracted litigation initiated by Theriault in the Northern District of Georgia and the Western District of Texas. For the history of this litigation, see Church of the New Song, 620 F.2d at 649-51 (dismissing Theriault's action under the establishment and free exercise clauses on grounds of res judicata)
 
 
 [2]
 The religious test clause provides that "no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."